IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

**ROBERT BONDICK**,

        Plaintiff,

    v.

**ST. VINCENT DE PAUL SOCIETY OF LANE COUNTY,**

        Defendant.

_____

**Case No. 6:22-cv-00754-MC**

**OPINION AND ORDER**

**MCSHANE, Judge:**

    Pro se plaintiff Robert Bondick seeks leave to proceed in forma pauperis (IFP). ECF No. 2. The Court, pursuant to 28 U.S.C. § 1915(e)(2), must screen applications to proceed IFP and dismiss any case that is frivolous or malicious, or fails to state a claim on which relief may be granted.

1 – OPINION AND ORDER

Plaintiff is an out-of-state resident seeking $36,000 in nominal damages for pain and sufferings as well as $147,840 in punitive damages for alleged discrimination and slander by Defendant when it banned him from entering the Defendant's premises. Pl.'s Compl. 2, ECF No. 1. Defendant banned Plaintiff from its premises when the Plaintiff allegedly ejaculated on a customer in the store. Pl.'s Compl. 1. Plaintiff seeks injunctive relief vacating the ban from the premises. *Id*. at 2.

"All persons shall be entitled to full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation . . . without discrimination or segregation on the ground of race, color, religion, or national origin." 42 U.S.C.A. § 2000a. A person who reasonably believes that any person or entity engaged in prohibited conduct under 2000a may file for injunctive relief. 42 U.S.C.A. § 2000a-3. A person bringing a claim of discrimination under this title cannot recover damages. *Newman v. Piggie Park Enter., Inc.*, 390 U.S. 400, 402 (1968).

Additionally, "In the case of an alleged act or practice prohibited by this subchapter which occurs in a State, or a political subdivision of a State . . . which has a State or local law prohibiting such act or practice establishing or authorizing State or local authority to grant or seek relief from a practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no civil action may be brought under subsection (a) before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person." *Id*.

First, Plaintiff does not allege that he was discriminated by the Defendant based on race, color, religion, or national origin. Plaintiff alleges that Defendant discriminated against him

because he ejaculated on another customer. Being falsely accused of ejaculating on another person is not a protected class in the context of a denial of public accommodation. Therefore, Plaintiff does not state a claim under § 2000a for discrimination.

Second, even if this Court were to find that Plaintiff had been discriminated against by the Defendant, Plaintiff is barred under federal law from recovering damages against the Defendant. *See* Moye v. Safeway Inc., 2021 WL 4130176, at * 2 (Dist. Ct. Or. 2021) (finding a pro se litigant could not recover economic and punitive damages against grocery store chain who did not comply with state discrimination laws). Additionally, Plaintiff fails to demonstrate any realistic threat of future harm. Defendant has stores in Oregon. Plaintiff now resides in Missouri. Compl. 1. Therefore, any claim for prospective injunctive relief fails. *Moye* 2021 WL 4130176 at *2 (citing *Nordstrom v. Ryan*, 762 F.3d 903, 911 (9th Cir. 2014)).

Finally, Plaintiff failed to comply with § 2000a-3. "Oregon has its own public accommodation antidiscrimination law, and the Oregon Bureau of Labor and Industries (BOLI) has authority to grant relief from unlawful discrimination." *Moye*, 2021 WL 4130176, at *2; *see* O.R.S. §§ 659A.403, 659A.800. Under § 2000a-3, Plaintiff was required to give notice to BOLI . Because Plaintiff failed to comply with the statute's prerequisite requirements, his claim is barred.

Although the Court construes Plaintiff's claim as one of unlawful discrimination, his Complaint confirms that to the extent he is being discriminated against, any discrimination is not due to Plaintiff's membership in a protected class. Although Plaintiff argues he did not ejaculate on a customer, this does not place him in a protected class. Additionally, although Plaintiff seeks damages for slander, any claim for slander or defamation is barred by Oregon's two-year statute

of limitations. Therefore, amendment would be futile. This action is DISMISSED. The Court concludes any appeal would be frivolous and declines to grant Plaintiff leave to file an appeal in forma pauperis.

IT IS SO ORDERED.

    DATED this 19th day of July, 2022.

                                                                                                          /s/ Michael McShane
                                                          **Michael J. McShane**
                                            **United States District Judge**